UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV 20-6382 PSG (Ex) | Date | October 21, 2020 |
|---|---|---|---|
| Title | Melinda Hunsicker v. Home Depot U.S.A., Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **The Court GRANTS Plaintiff's motion to remand**

Before the Court is a motion to remand filed by Plaintiff Melinda Hunsicker ("Plaintiff"). *See* Dkt. # 11 ("*Mot.*"). Defendants Home Depot U.S.A., Inc., and Homelite Consumer Products, Inc. ("Defendants"), opposed, *see* Dkt. # 17 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 18 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Plaintiff's motion to remand.

I.   Background

While using a leaf blower purchased from Defendant Home Depot and manufactured by Defendant Homelite, the blower's fan guard failed and injured Plaintiff, ultimately causing the amputation of her left index finger. *See Complaint*, Dkt. # 1-1 ("*Compl.*"), at 7.

On April 14, 2020, Plaintiff filed suit in the Los Angeles County Superior Court, *see Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶ 1, bringing three causes of action:

First Cause of Action: strict products liability. *See Compl.* at 6.

Second Cause of Action: general negligence. *See id.*

Third Cause of Action: breach of warranty. *See id.*

On May 15, Defendants answered the Complaint and served Plaintiff with a request for a statement of damages. *See NOR* ¶¶ 2–3. On June 30, Plaintiff served Defendants with a statement of damages, *see id.* ¶ 3, which establishes that Plaintiff seeks more than $6,000,000,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6382 PSG (Ex) | Date | October 21, 2020 |
|---|---|---|---|
| Title | Melinda Hunsicker v. Home Depot U.S.A., Inc., et al. | | |

*see id.* ¶ 8. On July 17, Defendants removed the action to this Court, invoking the Court's diversity jurisdiction. *Id.* ¶ 9.

On August 14, Plaintiff filed an amended complaint in this Court, *see* Dkt. # 10, as well as the instant motion to remand the case to the Superior Court, *see generally Mot.* Because Defendant's removal was untimely and Plaintiff did not waive her ability to challenge removal by filing an amended complaint, the Court **GRANTS** Plaintiff's motion to remand.

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.  Discussion

Plaintiff argues that Defendants' removal to this Court was untimely because (1) it was clear from the face of her complaint that the amount in controversy exceeded the jurisdictional threshold of $75,000, and (2) Defendants failed to remove within 30 days of being served with the complaint. *See Mot.* 19:16–22.

Defendants counter that the complaint did not affirmatively reveal that more than $75,000 was at issue. *Opp.* 10:3–16. Therefore, they argue that Plaintiff's statement of damages was the first document to trigger the 30-day removal period, and they removed within that period. *Id.* Defendants also contend that, even if removal was untimely, Plaintiff waived her ability to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6382 PSG (Ex) | Date | October 21, 2020 |
|---|---|---|---|
| Title | Melinda Hunsicker v. Home Depot U.S.A., Inc., et al. | | |

challenge their removal and/or consented to federal court jurisdiction by filing an amended complaint in this Court. *See id.* 8:25–9:15. The Court disagrees with Defendants on all grounds. Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

    A.    <u>Timeliness of Removal</u>

Under the removal statute, 28 U.S.C. § 1446, a defendant must file a notice of removal within 30 days after receiving a copy of the initial pleading if the pleading makes clear that the case is removable. *See id.* § 1446(b)(1). For service of a complaint to trigger the running of this 30-day clock, the complaint must affirmatively reveal the jurisdictional facts establishing removability. *See Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136, 1139 (9th Cir. 2013). If the complaint does not affirmatively reveal such jurisdictional facts, the 30-day clock does not begin running until the defendant receives a copy of "an amended pleading, motion, order[,] or other paper" that indicates the case is removable. *Id.* § 1446(b)(3).

Here, Plaintiff filed suit in the Superior Court on April 14, 2020. *See* NOR ¶ 1. Plaintiff argues that the complaint affirmatively reveals that the amount in controversy in this case exceeds $75,000 because it alleges that Defendants' leaf blower (1) caused her left index finger to be amputated, and (2) resulted in wage loss, hospital and medical expenses, and loss of earning capacity. *See Mot.* 18:1–28, 19:16–22. Therefore, Plaintiff contends that Defendants' removal on July 17 was untimely. *Id.*

Defendants counter (1) that the allegations in the complaint do not affirmatively reveal that the amount in controversy exceeds $75,000, (2) that they were not required to independently investigate whether this requirement was met, and (3) therefore, they did not know that the requirement was met until Plaintiff served her statement of damages on June 30. *See Opp.* 9:19–12:2. The Court agrees with Plaintiff.

Defendant relies primarily on *Kaminkski-Albrigh v. Sunbeam Prods. Inc.*, No. CV 17-06360 SJO-SK, 2017 WL 5006426, at *1 (C.D. Cal. Oct. 30, 2017). In *Kaminkski*, the plaintiff alleged that she used a heating pad on her abdomen, and, when she removed the pad, she had "severe, permanent and disfiguring burns [on] her lower abdominal area." *Id.* The plaintiff argued that the defendant failed to timely remove the action because removal occurred more than 30 days after service of the complaint, which alleged that she "sustained extensive economic and non-economic damages, physical injuries, past and future medical expenses, past and future and sever[e] [sic] and ongoing emotional distress and pain and suffering, and other such damages." *Id.* at *2 (quotation omitted). The District Court rejected the plaintiff's argument, simply stating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6382 PSG (Ex) | Date | October 21, 2020 |
|---|---|---|---|
| Title | Melinda Hunsicker v. Home Depot U.S.A., Inc., et al. | | |

that "the case was not removable on the basis of the Complaint because it 'did not affirmatively reveal information to trigger removal based on diversity jurisdiction,'" *id.* (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005), and that "the Complaint did not give [the defendants] adequate notice of the amount in controversy," *id.* at *4.

The Court finds Defendant's comparison to *Kaminkski* unhelpful for analyzing this case. First, although Defendants are correct that *Kaminkski* reached a *conclusion* that supports their position, the *Kaminkski* court's *reasoning* is less clear. Therefore, it is difficult to apply to the facts of this case. Second, the alleged severity and impact of the *Kaminkski* plaintiff's injuries were disputable. In contrast, here, the amputation of an index finger—a finger that serves many pivotal functions in one's daily life—is a severe, concrete, and permanent injury. Accordingly, the Court finds *Kaminkski* distinguishable.

Instead, this case is more similar to *Calkins v. Sw. Airlines Co.*, No. 2:19-cv-01215-SVW-MRW, 2019 WL 1553665, at *1 (C.D. Cal. Apr. 10, 2019).

In *Calkins*, the plaintiff was injured when she fell down an escalator. *Id.* at *3. The 30-day clock began running upon service of the complaint, and therefore removal was untimely, because the complaint "contain[ed] numerous allegations regarding the extent of [the plaintiff's] injuries, which, considered together, suggest that she suffered serious and long-term injuries," including (1) "that she suffered brain injury and injury to her nervous system, leading to permanent disability," (2) "that she received treatment from physicians, including surgeons, and that she will be required to seek further treatment in the future," and (3) "that her injuries have impaired her ability to work and will continue to do so in the future." *Id.* at *3.

Here, like in *Calkins*, Plaintiff alleges that she suffered a serious injury—amputation of her left index finger—which is permanent and partially disabling. Moreover, like the plaintiff in *Calkins*, Plaintiff asserts that she incurred hospital and medical expenses and that her ability to work has been limited. Additionally, as a matter of common sense, the Court finds that no reasonable defendant could believe that less than $75,000 is in controversy when the defendant's product causes a plaintiff's index finger to be amputated, which results in medical bills, lost wages, and lost earning capacity.

Accordingly, the Court holds that removal was untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6382 PSG (Ex) | Date | October 21, 2020 |
|---|---|---|---|
| Title | Melinda Hunsicker v. Home Depot U.S.A., Inc., et al. | | |

  B.  <u>Waiver or Consent to Untimely Removal</u>

  Defendant next argues that, even if removal was untimely, Plaintiff waived her right to seek remand and consented to federal court jurisdiction by filing an amended complaint in this Court. *Opp.* 8:21–9:15. The Court disagrees.

  To waive the right to challenge procedural removal defects and/or consent to a federal court's assumption of removal jurisdiction, the plaintiff must have engaged in "affirmative conduct" or indicated "unequivocal assent" to federal jurisdiction, such that it would be "offensive to fundamental principles of fairness to remand." *Transport Indem. Co. v. Fin. Tr. Co.*, 339 F. Supp. 405, 408 (C.D. Cal. 1972) (quoting *Maybruck v. Haim*, 390 F. Supp. 721, 723–24 (S.D.N.Y. 1968)).

  Here, Defendant is correct that Plaintiff's "fil[ing] [of] an amended complaint seeking further or different relief from the federal court" *could* qualify as affirmative conduct or unequivocal assent to federal jurisdiction. *See id.* (quoting *Maybruck*, 390 F. Supp. at 723–24); *Alarcon v. Shim Inc.*, No C 07-02894 SI, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007) ("Courts have found plaintiffs waived their right to challenge procedural defects in removal where plaintiffs filed an amended complaint . . . .").

  However, the Court finds that, despite Plaintiff's filing of the amended complaint, it is not "offensive to fundamental principles of fairness to remand" this case. *See Transport Indem. Co.*, 339 F. Supp. at 408 (quoting *Maybruck*, 390 F. Supp. at 723–24)).

  First, the amended complaint explicitly refers to Plaintiff's motion to remand:

> Based on diversity of citizenship of the parties, and an amount in controversy in excess of the jurisdictional threshold of $75,000, this Court *would have* jurisdiction of this civil action pursuant to 28 U.S.C. Sec. 1332. *However*, due to Defendants' failure to timely remove the action . . ., Plaintiff has filed a Motion to remand . . ., which Motion is set for hearing on October 26, 2020.

Dkt. # 10 ¶ 1 (emphases added). Therefore, Plaintiff never indicated unequivocal assent to this Court's jurisdiction.

  Second, the amended complaint and the motion to remand were filed on the same day—August 14. *See generally Mot.*; Dkt. # 10. As such, Plaintiff did not engage in extensive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6382 PSG (Ex) | Date | October 21, 2020 |
|---|---|---|---|
| Title | Melinda Hunsicker v. Home Depot U.S.A., Inc., et al. | | |

post-removal conduct or seek to remand after unsuccessfully litigating issues in federal court. *See Transport Indem. Co.*, 339 F. Supp. at 408 (noting the unfairness of allowing a party to seek remand after unsuccessfully litigating a "substantial issue" in federal court, "such as the right to a jury trial or the right to take depositions" (cleaned up) (quoting *Maybruck*, 390 F. Supp. at 723–24)); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (finding waiver when the plaintiff (1) sought leave to file a new complaint in federal court, (2) briefed and argued that motion, (3) the court ruled against the plaintiff, and (4) the plaintiff then moved to remand); *Alarcon*, 2007 WL 2701930 at *2 (stating that courts have found waiver where the plaintiff "made multiple appearances in federal court[] or participated in discovery").

Moreover, courts in this circuit have granted motions to remand after litigants engaged in more extensive post-removal conduct in the district court than here. *See, e.g.*, *Fletcher v. Solomon*, No. C-06-05492 RMW, 2006 WL 3290399, at *3–*4 (N.D. Cal. Nov. 13, 2006) (granting motion to remand even though the plaintiffs moved for default in the district court and the court denied the motion).

Accordingly, Plaintiff did not engage in post-removal conduct or unequivocally assent to federal jurisdiction such that it would be "offensive to fundamental principles of fairness to remand." *See Transport Indem. Co.*, 339 F. Supp. at 408 (quoting *Maybruck*, 390 F. Supp. at 723–24).

IV. <u>Conclusion</u>

The Court **GRANTS** Plaintiff's motion to remand because removal was untimely and Plaintiff did not waive her ability to challenge, or consent to, federal removal jurisdiction.

**IT IS SO ORDERED.**